UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                      **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 9-255 (MJD/JJK)

(1) BRENNAN WALTER THOMAS,

       Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Brennan Walter Thomas, pro se.

## I. INTRODUCTION

This matter is before the Court on Brennan Walter Thomas' Pro Se Motion for Relief per First Step Act. [Docket No. 72]

## II. BACKGROUND

On December 9, 2009, Defendant Brennan Walter Thomas pled guilty to Count 1 of the Indictment, Conspiracy to Distribute 50 Grams or More of a Mixture of Substance Containing a Detectable Amount of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [Docket No. 23] On January 25, 2011, the Court sentenced Defendant to 180 months in prison to be

followed by 5 years of supervised release. [Docket No. 45] On June 8, 2017, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Defendant's term of imprisonment from 180 months to 145 months. [Docket No. 67] Defendant's current projected release date is January 17, 2021. (Boldt Decl., Ex. A at 1.)

On September 18, 2019, Defendant underwent a comprehensive review of his incarceration, referred to as a "program review" or "team." (Boldt Decl., Ex. A at 2.) The program review states: "Reviewed for RRC [pre-release residential reentry center] placement and found ineligible, due to pending charges. If charges are resolved, verified by the Records Department, and sufficient time remains to process the referral, he will be re-reviewed and submitted." (Id.) Defendant has a warrant for his arrest for a pending Minnesota state charge. (Boldt Decl. ¶ 5.) Defendant has not filed an administrative remedy with respect to the decision that he is ineligible for RRC placement. (Boldt Decl. ¶ 6; Boldt Decl., Ex. B.) Defendant has filed an administrative remedy regarding RRC placement in the past; he filed one during his previous term of federal incarceration in 2007. (Boldt Decl., Ex. B at 2.)

On December 12, 2019, Defendant filed the current Motion for Relief per First Step Act. [Docket No. 72] He requests that, based on the Second Chance

2

Act and the First Step Act, the Court "[g]ive the defendant a 6 month reduction on his sentence" or "[c]ompel the B.O.P. to submit the defendant for 12 months of halfway house and or home confinement." (Motion at 1.)

III. DISCUSSION

    A.     First Step Act

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

If a defendant has not demonstrated that he has exhausted his administrative remedies with respect to his motion and there is no evidence before the Court that he made a request to reduce his sentence to the appropriate warden, the motion is denied without prejudice. United States v. Roy, No. CR

15-303 (MJD), 2019 WL 6910069, at *1 (D. Minn. Dec. 19, 2019). Here, there is no evidence that Defendant has exhausted administrative remedies; nor is there evidence that he has made a request to the Warden. Thus, to the extent that his motion is a motion for release under the First Step Act, it is denied without prejudice.

### B. Second Chance Act

#### 1. Overview of Residential Reentry Center Placement

The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Under Bureau of Prisons ("BOP") policy, 17 to 19 months before an inmate's projected release date, the BOP Team Unit reviews the inmate for pre-release residential reentry center ("RRC") placement. (Govt Ex. B, Apr. 14, 2008 BOP Memo. at 3.) The BOP considers the five factors set forth in 18 U.S.C. § 3621(b):

(1) The resources of the facility contemplated;
(2) The nature and circumstances of the offense;
(3) The history and characteristics of the prisoner;

> (4) Any statement by the court that imposed the sentence--
>> (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (b) recommending a type of penal or correctional facility as appropriate; and
>
> (5) Any pertinent policy statement issued by the Sentencing Commission.

(2008 BOP Memo. at 3.) Under BOP policy, although all inmates are eligible for up to 12 months in a pre-release RRC placement, such placement is not appropriate for all inmates, ordinarily including "[i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement." (Govt. Ex. C, Dec. 16, 1998 BOP Memo. at 10-11.) The Team Unit then makes a recommendation regarding RRC placement and/or home confinement that is forwarded to the Warden of the inmate's prison for review and approval. (Id. at 12.) The Warden's recommendation is then forwarded to the Residential Reentry Manager's Office for final review. (Id.

### 2. Standard for Exhaustion of Administrative Remedies

An inmate must exhaust administrative remedies before filing a petition for habeas corpus under 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2009). However, exhaustion can be excused if the petitioner

shows that pursuit of exhaustion of administrative remedies would futile. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).

### 3. BOP Administrative Review

Under BOP administrative procedure, an inmate can seek formal review of any complaint regarding any aspect of their imprisonment. 28 C.F.R. § 542, subpart B. The inmate must first attempt informal resolution of his complaint by presenting the issue to BOP staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved, the inmate may submit a formal written administrative remedy request to the warden, within 20 days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the formal request is denied, the inmate may submit an appeal to the Regional Director of the BOP and then to the General Counsel's Office in the Central Office. 28 C.F.R. § 542.15(a). The BOP does not consider an administrative remedy appeal fully exhausted until it has been decided by the BOP Central Office. 28 C.F.R. §§ 542.14-.15.

### 4. Defendant's Failure to Exhaust Administrative Remedies

Defendant has not begun the process of administratively challenging the BOP's finding that he is not eligible for RRC placement due to the existence of pending charges. Nor has he shown that pursuing exhaustion of administrative

6

remedies would be futile. Thus, his current petition must be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Brennan Walter Thomas' Pro Se Motion for Relief per First Step Act [Docket No. 72] is **DENIED**.


Dated: March 17, 2020            s/ Michael J. Davis
                                                   Michael J. Davis
                                                   United States District Court